Freeman, J.,
delivered the opinion of the court.'
This suit was commenced before a justice of the peace in Hardeman county by Thomas against one Smith. Judgment was rendered by the justice against Smith, from which he appealed to the Circuit Court, giving as sureties on the appeal bond, T. 1ST. Hart with three others. Before the trial of the cause in the Circuit Court, Smith having become a bankrupt, by consent of the parties it was agreed that R. P: Cole was his as-signee, and, on motion of the plaintiff, said Cole was substituted in the room and stead of Smith as defendant. The case was afterwards tried and verdict of jury was had against defendant, whereupon the plaintiff *412 moved for judgment against the sureties on the bond, which motion the court refused; to reverse which ruling a writ of error is prosecuted to this court.
This is not a case of revivor of a suit against a personal representative or an heir, when abated by death, but is the case of a substitution of. a new party defendant in the room and . stead of the original defendant. The sureties did not undertake for Cole, had, in the language of the court in the case of Philips & Wiggins v. Wills, 2 Sneed, 155, “ entered into no obligation” to him, and as the plaintiff has chosen to substitute Cole, the assignee, to the place of Smith, he is not entitled to judgment on the bond given' for prosecution of the appeal by Smith. They may well say, it might have been, the party for whom we contracted would have prosecuted his appeal successfully. The other question as to effect of discharge, in bankruptcy on the liability of the sureties need not be noticed, as the question does not arise on the facts of this case. Affirm the judgment.